UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

IN RE:

BRYAN JAMES CREWS                                          Case No. 06-10338
SHERRY LYNN CREWS

        Debtors

**ORDER GRANTING THE CREWS' MOTIONS FOR
TURNOVER OF POSTPETITION CHAPTER 13 FUNDS**

Christopher Kern, Attorney for Bryan James Crews and Sherry Lynn Crews, Mobile, AL
Denise I. Littleton, Trustee, Mobile, AL

This matter came before the Court on the Crews' motions for turnover of postpetition chapter 13 funds.[1] The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court has authority to enter a final order. For the reasons indicated below, the Court is granting the Crews' motions for turnover of postpetition chapter 13 funds.

**FACTS**

Bryan James Crews and Sherry Lynn Crews filed a voluntary joint chapter 13 case on March 24, 2006. The Crews' filed a chapter 13 plan ("plan") on June 2, 2006. On July 7, 2006, the Court conditionally confirmed the plan. On September 27, 2006, the Court entered an order vacating its conditional confirmation of the plan and requiring the Crews to provide the trustee with a summary of amendments within ten days. The Crews filed a summary of amendments with the Court on October 12, 2006. On March 6, 2007, the Crews filed a motion to convert Mr.

---

[1] Bryan James Crews filed a motion seeking turnover of one-half of the funds, and Sherry Lynn Crews filed a separate motion seeking the same relief.

Crews's case to a chapter 7 and dismiss Ms. Crews as a party. On April 11, 2007, the Court entered an order granting the motion to convert Mr. Crews's case and an order dismissing Ms. Crews's case. Therefore, the Crews' plan was never confirmed. During the time the Crews' case was a chapter 13 case, they paid the chapter 13 trustee a combined amount of $6,335.90 as required by 11 U.S.C. § 1326. Mr. Crews testified that the $6,335.90 paid to the chapter 13 trustee consisted of wages earned and received by he and Ms. Crews after the commencement of the chapter 13 bankruptcy case. The Crews' each earned approximately the same amount during that time.

Since Ms. Crews's bankruptcy case was dismissed on April 11, 2007, she is no longer a bankruptcy debtor. All of the funds paid in the chapter 13 case were turned over to the chapter 7 trustee handling Mr. Crews's case. The trustee is holding the funds pending a ruling on this motion.

## LAW

The issue raised as to Mr. Crews is whether postpetition wages paid into a chapter 13 case in which a plan is never confirmed are property of the debtor's estate when he converts to a chapter 7 case. As to Ms. Crews, the issue presented is whether any of the funds held by the trustee were Ms. Crews's property and returnable to her upon dismissal of her case. Mr. Crews argues that since the $6,335.90 paid to the chapter 13 trustee constituted postpetition wages, and since postpetition wages are not considered property of the estate in a chapter 7 case, the $6,335.90 do not constitute property of the estate post-conversion. Therefore, Mr. Crews argues that pursuant to 11 U.S.C. § 348(f)(1)(A), the trustee is required to turn over the funds to him. Ms. Crews asserts that she is entitled to her share of the funds since her case was dismissed and

2

Case 06-10338    Doc 90    Filed 06/26/07    Entered 06/26/07 12:48:22    Desc Main
Document      Page 2 of 6

not converted. The trustee argues that since 11 U.S.C. § 1306(a)(2) provides that postpetition wages constitute property of the estate until the case is converted to chapter 7, the $6,335.90 do constitute property of the estate and should not be turned over to Mr. Crews. As to Ms. Crews, the trustee asserted that she would only be entitled to the portion of the fund that was her wages.

A. *Mr. Crews's Funds*

Section 348(f)(1)(A) provides that when a chapter 13 case is converted,

> property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion . . .

Section 1306 provides

> (a) Property of the estate includes, in addition to the property specified in section 541 of this title–
>
> . . .
>
> (2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

"[T]he starting point for all statutory interpretation is the language of the statute itself. We assume that Congress used the words in a statute as they are commonly and ordinarily understood, and if the statutory language is clear, no further inquiry is appropriate. If the statutory language is ambiguous, however, courts may examine extrinsic material, including legislative history, to determine Congressional intent." *Federal Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1239 (11th Cir. 2000) (internal citations omitted).

The Court finds the plain language of the above provisions to be in conflict with one

3

another.  Specifically, Section 348(f)(1)(A) provides that, upon conversion, what constitutes property of the estate is to be determined by the date of filing of the initial bankruptcy case, and not the conversion date.  Therefore, the plain language of Section 348(f)(1)(A) appears to state that, upon converting to a chapter 7 case, property of the estate is to be determined under chapter 7 standards as of the petition date.  In a chapter 7 case, postpetition wages do not constitute property of the estate.  As such, the plain language of Section 348(f)(1)(A) supports Mr. Crews's contention that since the $6,335.90 paid to the chapter 13 trustee constituted postpetition wages, it should not be characterized as property of the estate.

On the other hand, Section 1306(a)(2) provides that in a chapter 13 case, property of the estate includes all postpetition earnings earned and received from the commencement of the case until the case is closed, dismissed, or converted.  Therefore, the plain language of Section 1306(a)(2) supports the trustee's contention that, despite chapter 7 not classifying postpetition wages as property of the estate, when Mr. Crews filed a chapter 13 case, all postpetition wages earned and received by him constituted property of the estate under Section 1306(a)(2).

Since the plain language of the above provisions are in conflict with one another, the Court finds the conflicting statutory language creates an ambiguity, thereby compelling the Court to delve into the legislative history in order to determine Congressional intent.  Prior to the 1994 amendments of the Bankruptcy Code, courts took two different approaches with regard to the issue presently before the Court.  The Third Circuit in *In re Bobroff, 766 F.2d 797 (3d Cir. 1985)* held that property acquired after a chapter 13 filing but prior to conversion to a chapter 7 case did not constitute property of the estate.  The Seventh Circuit took a contrary position in *In re Lybrook, 951 F.2d 136 (7th Cir. 1991)*.  In 1994, Congress amended the Bankruptcy Code.

4

Section 348(f)(1)(A) was added to the Bankruptcy Code in the 1994 Congressional amendments. The legislative history with regard to Section 348(f)(1)(A) provides

> This amendment would clarify the Code to resolve a split in the . . . law about what property is in the bankruptcy estate when a debtor converts from chapter 13 to chapter 7. The problem arises because in chapter 13 . . . any property acquired after the petition becomes property of the estate, at least until confirmation of a plan. Some courts have held that if the case is converted, all of this after-acquired property becomes part of the estate in the converted chapter 7 case, even though the statutory provisions making it property of the estate does not apply to chapter 7. Other courts have held that the property of the estate in a converted case is the property the debtor had when the original chapter 13 petition was filed. . . . This amendment overrules the holding in cases such as [*In re*] *Lybrook*, 951 F.2d 136 (7th Cir. 1991) and adopts the reasoning of *In re Bobroff*, 766 F.2d 797 (3d Cir. 1985).

*Farmer v. Taco Bell Corp.*, 242 B.R. 435, 438 (W.D. Tenn. 1999) *quoting* 140 Cong. Rec. H10752-01, H10770-H10771 (1994). *See also EconoLube N' Tune, Inc. v. Frausto (In re Frausto)*, 259 B.R. 201, 209 (Bankr. N.D. Ala. 2000) (stating that the legislative history of Section 348(f) expresses an intent to overrule the holding of *In re Lybrook*); *In re Sargente*, 202 B.R. 1023, 1025 (Bankr. S.D. Fla. 1996) (same). Therefore, the legislative history of Section 348(f)(1)(A) expresses a congressional intent that property acquired after commencement of a chapter 13 case but prior to conversion to a chapter 7 does not constitute property of the estate. *See Stamm v. Morton (In re Stamm)*, 222 F.3d 216 (5th Cir. 2000).

The Court notes that it has previously ruled that funds paid into a chapter 13 case post-confirmation did constitute property of the debtor's chapter 7 case upon conversion. *In re Johnson*, Case No. 99-11034-MAM-7 (Bankr. S.D. Ala. Feb. 1, 2000). The case is therefore distinguishable from the present case. Without a confirmed plan, there is no issue as to any

5

vested creditor right to any of the money. Therefore, Mr. Crews's motion is granted, and one-half of the funds paid to the chapter 13 trustee ($3,167.95) shall be turned over to him..

B. *Shelly's Funds*

Ms. Crews's case was dismissed on April 11, 2007. The evidence showed that approximately one-half of the funds paid into the chapter 13 case, or $3,167.95, came from her wages. Upon dismissal of a case, any money held is no longer property of any estate and should be returned to the debtor. Based on the evidence, $3,167.95 should be returned to Ms. Crews.

THEREFORE IT IS ORDERED AND ADJUDGED that the Crews' motions for turnover of postpetition Chapter 13 funds are GRANTED and the trustee is ordered to turn over $3,167.95 to Mr. Crews and $3,167.95 to Ms. Crews.

Dated:   June 26, 2007

/s/ Margaret A. Mahoney
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

6

Case 06-10338    Doc 90    Filed 06/26/07    Entered 06/26/07 12:48:22    Desc Main
Document      Page 6 of 6